UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

VICENTE VLADIMIR CARRASCO, §
Fed. Reg. No. 07992-180, §
    Movant, §
 §    EP-11-CV-161-DB
 §    EP-00-CR-968-DB
v. §
 §
UNITED STATES OF AMERICA, §
    Respondent. §

## MEMORANDUM OPINION AND ORDER

Before the Court is Movant Vicente Vladimir Carrasco's ("Carrasco")[1] *pro se* motion under 28 U.S.C. § 2255 to vacate, set aside, or correct a sentence [ECF No. 24].[2] In his motion, Carrasco challenges his conviction for importing marijuana. He claims his counsel provided constitutionally ineffective assistance. Upon reviewing the record, the Court finds Carrasco's motion is untimely and he is not entitled to equitable tolling.[3] The Court will accordingly dismiss his motion.[4] The Court will additionally decline to certify his issues for appeal.

## FACTUAL AND PROCEDURAL HISTORY

A grand jury sitting in the Western District of Texas, El Paso Division, returned a four-count indictment against Carrasco alleging that he conspired to import marijuana ("count one"),

---

[1] Carrasco is currently awaiting his removal from the United States at the Eden Detention Center in Eden, Texas.

[2] "ECF No." in this context refers to the Electronic Case Filing number for documents docketed in EP-00-CR-968-DB.

[3] *Cf. Kiser v. Johnson*, 163 F.3d 326, 329 (5th Cir. 1999) ("[W]e hold that the district court was within its authority under Rule 4 and Rule 11 of the Rules Governing [28 U.S.C.] Section 2254 Cases when it raised the . . . statute of limitations defense *sua sponte*.").

[4] *See* 28 U.S.C.A. § 2255 Proc. R. 4(b) (West 2011) ("If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.").

imported marijuana ("count two"), conspired to distribute marijuana ("count three"), and distributed marijuana ("count four). Carrasco pleaded guilty, pursuant to a plea agreement, to count two of the indictment. The Court accepted the plea, and on December 8, 2000, sentenced him to twenty-one months' confinement followed by three years' non-reporting supervised release. Carrasco did not appeal.

In his instant motion, Carrasco asserts his counsel provided constitutionally ineffective assistance when she failed to properly advise him of the immigration consequences of his plea. Carrasco seeks the benefit of the Supreme Court's decision in *Padilla v. Kentucky*.[5] In *Padilla*, the Court held "that counsel must inform her client whether his plea carries a risk of deportation."[6]

## APPLICABLE LAW

After a defendant has been convicted and exhausted or waived any right to appeal, a court is normally "entitled to presume that the defendant stands fairly and finally convicted."[7] Accordingly, "'[r]elief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice.'"[8] Thus, before a court may grant relief pursuant to § 2255, the movant must establish "(1) his sentence was imposed in violation of the Constitution or laws of the United States; (2) the sentencing court was without jurisdiction

---

[5] *Padilla v. Kentucky*, 559 U.S. --, 130 S.Ct. 1473 (2010).

[6] *Id.*, 559 U.S. at --, 130 S.Ct. at 1486.

[7] *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001) (citing *United States v. Frady*, 456 U.S. 152, 164 (1982)).

[8] *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (quoting *United States v. Segler*, 37 F.3d 1131, 1133 (5th Cir. 1994)).

to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack."[9]

Additionally, a § 2255 motion is subject to a one-year limitations period.[10] A federal prisoner must file his motion within one year from the date on which (1) the judgment became final; (2) the government-created impediment to filing the motion was removed; (3) the United States Supreme Court initially recognized, and made retroactively applicable to cases on collateral review, the legal predicate for the motion; or (4) the petitioner could have discovered, through due diligence, the factual predicate for the motion.[11]

The one-year limitations period is not jurisdictional and is subject to equitable tolling.[12] Equitable tolling is not, however, available for "'garden variety claims of excusable neglect.'"[13] It is justified only "in rare and exceptional circumstances."[14] Such circumstances include situations in which a movant is actively misled by the respondent "'or is prevented in some extraordinary way from asserting his rights.'"[15] Additionally, "'[e]quity is not intended for those

---

[9] *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995) (citations omitted).

[10] 28 U.S.C.A. § 2255(f) (West 2011).

[11] *Id.*; *United States v. Brown*, 305 F.3d 304, 306-07 (5th Cir. 2002).

[12] *Cf. Holland v. Florida*, -- U.S. --, --,130 S.Ct. 2549, 2560 (U.S. 2010) ("[W]e hold that § 2244(d) is subject to equitable tolling in appropriate cases."). *See also United States v. Flores*, 135 F.3d 1000, 1002 n.7 (5th Cir. 1998) ("Because of the similarity of the actions under sections 2254 and 2255, they have traditionally been read in pari materia where the context does not indicate that would be improper.").

[13] *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002) (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)).

[14] *Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)).

[15] *Id.* (quoting *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999)).

who sleep on their rights.'"[16] Rather, "'[e]quitable tolling is appropriate where, despite all due diligence, a plaintiff is unable to discover essential information bearing on the existence of his claim.'"[17] Moreover, a movant has the burden of proving that he is entitled to equitable tolling.[18] In order to satisfy his burden, he must show "(1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way" of timely filing his § 2255 motion.[19] Finally, "[t]he decision to invoke equitable tolling is left to the discretion of the district court" and reviewed only for an abuse of discretion.[20]

With these principles in mind, the Court turns to Carrasco's motion.

## ANALYSIS

In most cases, the § 2255 limitations period begins to run when the judgment of conviction becomes final.[21] A judgment becomes final when the applicable period for seeking direct review expires.[22] In this case, the Court entered its judgment on December 8, 2000, and Carrasco's conviction became final on December 18, 2000, the last day on which he could have

---

[16] *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) (quoting *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989)).

[17] *Id.* at 715 n.14 (quoting *Pacheco v. Rice*, 966 F.2d 904, 906-07 (5th Cir. 1992)).

[18] *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

[19] *Lawrence v. Florida*, 549 U.S. 327, 336 (2007).

[20] *Cousin*, 310 F.3d at 848.

[21] 28 U.S.C.A. § 2255(f)(1); *Dodd v. United States*, 545 U.S. 353, 357 (2005).

[22] *Clay v. United States*, 537 U.S. 522, 525 (2003); *United States v. Gamble*, 208 F.3d 536, 536-37 (5th Cir. 2000) (per curiam).

appealed to the Fifth Circuit Court of Appeals.[23] Accordingly, Carrasco's time period for filing a § 2255 motion within one year after his conviction became final expired on December 18, 2001. Carrasco constructively filed his instant motion on April 15, 2011, the day on which he signed and presumably placed it in the prison mail system.[24] Thus, his motion is untimely by over nine years and it must be denied unless another statutory provision or equitable tolling applies.[25]

Carrasco does not assert that the Government created an impediment to filing his motion.[26] He objectively knew or should have known the factual predicate for his claim well within the limitations period.[27] Carrasco maintains the Supreme Court recognized a new right in

---

[23] *See former* FED. R. APP. P. 4(b)(1)(A) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 10 days after the later of (i) the entry of either the judgment or the order being appealed; or (ii) the filing of the government's notice of appeal."); *see also United States v. Johnson*, 457 U.S. 537, 542 n. 8 (1982) (noting that a conviction is final when the availability of further appeal is exhausted); FED. R. APP. P. 26(a) ("Computing Time. The following rules apply in computing any period of time specified in these rules . . . (1) Exclude the day . . . that begins the period. (2) Exclude intermediate Saturdays, Sundays, and legal holidays when the period is less than 11 days . . . (3) Include the last day of the period unless it is a Saturday, Sunday, legal holiday.").

[24] *See United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000) (citing *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir.1998) (explaining a *pro-se* prisoner's habeas-corpus petition is constructively filed when the prisoner signs and presumably delivers the papers to prison authorities for mailing to the district court).

[25] 28 U.S.C.A. § 2255(f)(1).

[26] *Id.* § 2255(f)(2).

[27] *Id.* § 2255(f)(4); *cf. Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000) ("First, the time commences when the factual predicate 'could have been discovered through the exercise of due diligence', not when it was actually discovered by a given prisoner. Second, the trigger in [28 U.S.C.] § 2244(d)(1)(D) is (actual or imputed) discovery of the claim's 'factual predicate', not recognition of the facts' legal significance. . . . [F]ederal statutes use objective indicators as triggers. . . . Time begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance. If § 2244(d)(1) used a subjective rather than an objective standard, then there would be no effective time limit.").

*Padilla* made retroactively applicable to cases on collateral review.[28] However, the Supreme Court announced the *Padilla* opinion on March 31, 2010, and Carrasco constructively filed his instant motion on April 15, 2011. Thus, his motion is untimely by fifteen days and it must be denied unless equitable tolling applies.

Carrasco claims he "just found out about" the *Padilla* decision.[29] Although Carrasco is incarcerated and is proceeding without counsel, his ignorance of the law does not excuse his failure to timely file a § 2255 motion and is not grounds for equitable tolling.[30] Carrasco has not met his burden of showing he pursued his rights diligently and that some extraordinary circumstance stood in his way of timely filing his § 2255 motion.

Accordingly, the Court finds it plainly appears from Carrasco's motion that it is time-barred, that he is not entitled to equitable tolling, and that the Court need not address the merits of his claims.[31]

## EVIDENTIARY HEARING

A motion brought under § 2255 may be denied without a hearing if the motion, files, and records of the case conclusively show that the defendant is not entitled to relief.[32] The record in

---

[28] 28 U.S.C.A. § 2255(f)(3). *See also Zapata-Banda v. United States*, 2011 WL 1113586 at *4 (S.D. Tex. 2011) (noting that "[n]either the Supreme Court nor the Fifth Circuit Court of Appeals have ruled on the instant issue" but holding that "the Supreme Court's opinion in *Padilla*[] should be retroactively applied to otherwise final convictions").

[29] Mot. to Vacate 3.

[30] *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999).

[31] 28 U.S.C.A. § 2255 Proc. R. 4(b).

[32] *Cf. United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992) (per curiam) (holding that there was no abuse of discretion in denying a § 2255 motion without a hearing where the movant's assertions of ineffective assistance were wholly conclusory in nature and refuted by reference to the

this case is adequate to dispose fully and fairly of Carrasco's motion. The Court need inquire no further on collateral review and an evidentiary hearing is not necessary.

## CERTIFICATE OF APPEALABILITY

A petitioner may not appeal a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."[33] Further, appellate review of a habeas petition is limited to the issues on which a certificate of appealability is granted.[34] In other words, a certificate of appealability is granted or denied on an issue-by-issue basis, thereby limiting appellate review solely to those issues on which a certificate of appealability is granted.[35] Although Carrasco has not yet filed a notice of appeal, this Court nonetheless must address whether he is entitled to a certificate of appealability.[36]

A certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."[37] To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the

---

record itself).

[33] 28 U.S.C.A. § 2253(c)(1) (West 2011).

[34] See Lackey v. Johnson, 116 F.3d 149, 151 (5th Cir. 1997) (holding that, in regard to the denial of relief in habeas corpus actions, the scope of appellate review is limited to the issues on which a certificate of appealability is granted).

[35] 28 U.S.C.A. §2253(c)(3) (setting forth the narrow scope of appellate review in habeas corpus matters); Crutcher v. Cockrell, 301 F.3d 656, 658 n.10 (5th Cir. 2002) (holding that a certificate of appealability is granted on an issue-by-issue basis, thereby limiting appellate review to those issues).

[36] See 28 U.S.C.A. § 2255 PROC. R. 11(a) (West 2011) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.").

[37] 28 U.S.C.A. § 2253(c)(2).

denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[38] Here, Carrasco's motion fails because he cannot establish that reasonable jurists could conclude that it is not time-barred. Accordingly, Carrasco is not entitled to a certificate of appealability.

## CONCLUSION AND ORDERS

For the reasons stated, the Court concludes Carrasco is not entitled to § 2255 relief or a certificate of appealability. Accordingly, the Court enters the following orders:

1. Movant Vicente Vladimir Carrasco's *pro se* motion under 28 U.S.C. § 2255 to vacate, set aside, or correct a sentence [ECF No. 24] is **DENIED** and his civil cause is **DISMISSED WITH PREJUDICE.**

2. Movant Vicente Vladimir Carrasco is **DENIED a CERTIFICATE OF APPEALABILITY.**

3. All pending motions in this cause, if any, are **DENIED AS MOOT.**

**SO ORDERED.**

SIGNED this 28th day of April, 2011.

DAVID BRIONES
SENIOR UNITED STATES DISTRICT JUDGE

---

[38] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (applying *Slack* to certificate of appealability determination in context of § 2255 proceedings).